UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| RENALDO DeMARQUIS METCALF, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-91-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT FARLEY, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Renaldo DeMarquis Metcalf is an inmate confined in the United States Penitentiary-Big Sandy in Inez, Kentucky.   Proceeding without an attorney, Metcalf has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and an amended petition [R. 6] challenging his federal conviction and sentence.   Metcalf has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions.   28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).   The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."   Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).   The Court evaluates Metcalf's petition under a more lenient standard because he is not represented by an attorney.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).   At this stage, the Court accepts the petitioner's factual allegations as true, and liberally construes his legal claims in his favor.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007).   Having reviewed the petition, the Court must deny relief because Metcalf cannot pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

Between November 29, 1999 and August 13, 2001, Metcalf was indicted in a North Carolina state court for being a felon in possession of a firearm; possessing marijuana with the intent to sell or distribute; possessing cocaine with the intent to sell or distribute; felony speeding to elude arrest; felony escape from a local jail; assault with a deadly weapon on a government official; and first-degree kidnapping.   On August 15, 2001, Metcalf pled guilty to these charges pursuant to a plea agreement which provided that each of the offenses would be consolidated under the first degree kidnapping charge, and that Metcalf would receive an aggregate sentence of 113 to 145 months.   The aggravated sentence was based on Metcalf's stipulating to an aggravating factor, kidnapping to effect an escape from custody.

Metcalf did not appeal his state court conviction, but in 2007 the state court permitted him to challenge his sentence.   Metcalf argued that the "kidnapping to effect an escape" offense could not support an aggravated sentence because he had also pled to felony escape.   The Court of Appeals of North Carolina rejected that argument, finding that because Metcalf had stipulated to the aggravating factor in his plea agreement and had not objected to it at sentencing, he had waived his right to challenge that aspect of his sentence on appeal.   *State v. Metcalf*, 661 S. E.2d 789 (N.C. App.   2008).

In August 2000, Metcalf was indicted in a North Carolina federal court for being a

2

felon in possession of a firearm in commerce violation of 18 U.S.C. §§ 922(g) and 924(a)(2).   *United States v. Metcalf*, No. 1:00-cr-299-NCT-1 (M.D.N.C. 2000).   In November 2000, Metcalf pled guilty to the federal firearm offenses, and on March 19, 2001, was sentenced to a 37-month prison term, plus a 3-year term of supervised release.   [*Id.*, R. 18, therein]

Metcalf does not state when he began serving his federal sentence, but as the Bureau of Prisons lists his release date as July 24, 2013,[1] Metcalf presumably began serving his federal sentence in 2010 or 2011, after completing his North Carolina state sentence.   The docket sheet from Metcalf's federal case does not reveal that he either appealed his federal sentence or collaterally challenged it by filing a motion to vacate under 28 U.S.C. § 2255.

In his § 2241 petition and amended petition,   Metcalf challenges his federal conviction and sentence, alleging that pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*),[2] his prior state convictions do not qualify as felonies for

---

[1]   *See*  http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needing
MoreList=false&IDType=IRN&IDNumber=20484-057&x=154&y=24 (last visited on December 19, 2012).

[2]   In *Simmons*, the Fourth Circuit analyzed a federal statute requiring application of a sentencing enhancement when a defendant had been convicted of a prior drug-related offense "punishable by imprisonment for more than one year." 649 F.3d at 239 (citing 21 U .S.C. §§ 802(44),  841(b)(1)(B)(vii)).    Construing this statutory language, the court held when determining whether a prior conviction was "punishable" by a term of imprisonment greater than one year, federal courts should not examine the maximum sentence that the state court could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a substantial prior criminal record, *id*. at 243–47, but should instead examine the maximum sentence that the state court could have imposed on a person with that particular defendant's actual criminal history and level of aggravation.   *Id*. at 243-47; *see also United States v. Powell*, 691 F.3d 554, 559 (4th Cir. 2012).

purposes of § 922(g)(1) because his possible maximum sentences did not exceed twelve months.   Metcalf contends that because his prior North Carolina conviction could not serve as the necessary predicate for the § 922(g) offense, he is actually innocent of being a felon in possession of a firearm under federal law and should be granted relief from his current federal sentence.

**DISCUSSION**

Metcalf is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999).   By arguing that he was not a felon under North Carolina law and that he was therefore wrongfully convicted of being a felon in possession of a firearm under federal law, Metcalf essentially challenges the validity of his underlying conviction and sentence.   However, § 2241 is not the mechanism for asserting such challenges.   Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing."   *Eaves v. United States*, 2010 WL at 3283018, at * 6 (E.D. Tenn. Aug. 17, 2010).

Section § 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241, but only if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention."   *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).   Review under § 2241 is

4

not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief."  28 U.S.C. § 2255(e).  The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention.  *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Metcalf cannot make that showing because he could have challenged his federal conviction and sentence in a § 2255 motion in the sentencing court, but he failed to do so.   The remedy provided under § 2255 is not rendered inadequate and ineffective if the petitioner presented a claim in a § 2255 motion but was denied relief on the claim; failed to assert a claim in his § 2255 motion; or was denied permission to file a second or successive § 2255 motion.  *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09CV2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012).  Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.  *Charles*, 180 F.3d at 758.  As Metcalf did not present his current claim in a § 2255 motion in the federal court in which he was convicted, he has not established that his § 2255 remedy was inadequate or ineffective to challenge his conviction and sentence.

Even if Metcalf had presented his current claim to the sentencing court in a timely-filed § 2255 motion, it is highly unlikely that he would have prevailed on the merits of the claim.  Metcalf challenges his status as felon stemming from his August 2011 conviction for first-degree kidnapping, but in doing so, he ignores the fact that prior to August 2001, he had *already* been convicted of a felony.  As the North Carolina

5

Court of Appeals discussed in its May 20, 2008, Order, between November 1999 and August 2011, a North Carolina grand jury indicted Metcalf for being a felon in possession of a firearm and for committing numerous other felony offenses.  This decision makes clear that by the time Metcalf pleaded guilty to first-degree kidnapping in August 2001, he had already been convicted of a felony.

Further, what constitutes a "crime punishable by imprisonment for a term exceeding one year" is determined in accordance with the law of the jurisdiction in which the proceedings were held - in this case, North Carolina law.  18 U.S.C. § 921(a)(20).   In *Simmons*, the Fourth Circuit noted that an individual defendant's sentencing range under the North Carolina Structured Sentencing Act is determined based on a combination of three factors: 1) classification of the offense; 2) the defendant's prior record level; and 3) the presence or absence of aggravating or mitigating factors.   *See* N.C. Gen. Stat. § 15A–1340.17; *Simmons*, 649 F.3d at 240.[3]

However, *Simmons* does not support Metcalf's claims.   In *United States v. Edmonds*, 679 F.3d 169, 176–77 (4th Cir. 2012), the Fourth Circuit explained that *Simmons* does not direct a district court to restrict its consideration to the sentence that

---

[3]     The North Carolina structured sentencing scheme uses a grid, which is a two-dimensional chart.  The grid's vertical axis lists the various classes of crime offenses.  *See* N.C. Gen. Stat. § 15A-1340.17(c).  The horizontal axis is the prior record level, which classifies a defendant's criminal history.  *Id.*  "Within the appropriate offense-prior record cell, the statute prescribes three minimum sentencing ranges for the individual defendant, dependent upon whether the [North Carolina state] court finds more mitigating factors, more aggravating factors, or otherwise.  Once the [North Carolina state] court decides on a minimum, N.C. Gen. Stat. § 15A-1340.17(d) dictates the corresponding maximum for that minimum."   *United States v. Jones*, 195 F.3d 205, 206 (4th Cir. 1999).

a defendant actually received for a predicate conviction in determining the extent of his potential punishment for that offense.   The court explained that under *Simmons*, "the qualification of a prior conviction does not depend on the sentence [a defendant] actually received but on the maximum sentence that he could have received for his conviction."   *Edmonds*, 679 F .3d at 176.

In *Edmonds*, the defendant received an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) and U.S.S.G § 4B1.1(a), based on two prior drug convictions that the district court found were each punishable by a term of imprisonment exceeding one year.   *Edmonds*, 679 F.3d at 176.   For one of these convictions, Edmonds faced a potential maximum sentencing range of up to 14 months imprisonment, but he was actually sentenced to a prison term of only 9 to 11 months.   Edmonds argued that because he did not *actually* receive a sentence exceeding one year of imprisonment, his prior state conviction could not be used to enhance his federal sentence.   The Fourth Circuit rejected that argument, concluding that because Edmonds could have received a 14-month prison term for that offense, it qualified as a predicate conviction for sentencing enhancement purposes.   *Id.* at 176–77.   *See also United States v. Cozart*, No. 11-5150, 2012 WL 5352517, at *3 (4th Cir. Oct. 31, 2012) (holding that because Cozart could have been sentenced to a term of up to 13 months imprisonment for one of his prior convictions, he had been convicted of a crime that was "punishable by imprisonment for a term exceeding one year" for purposes of § 922(g)).

In this case, Metcalf was charged in North Carolina with various offenses, at least three of which independently constituted felonies pursuant to various North

7

Carolina statutes:  "first-degree kidnapping," either a Class C or Class E felony under N.C.G.S.A. 14-39(b); "felony speeding to elude arrest," either a Class H or a Class E felony under N.C.G.S.A. § 20-141.5(b); and "assault with a deadly weapon on a government official," either a Class C or Class E felony under N.C.G.S.A. § 14-32. Metcalf ultimately pled guilty to first-degree kidnapping; he  received a prison sentence ranging from 113 to 145 months, which far exceeds the 12 month term required for a felony; and the North Carolina Court of Appeals affirmed Metcalf's aggravated state sentence as legally sound.  These facts strongly suggest that had Metcalf presented his current argument to the federal sentencing court, it would have determined that even in light of *Simmons*, Metcalf was a convicted felon under North Carolina law, and that his possession of a firearm in commerce violated §§ 922(g) and 924(a)(2).

Metcalf's claim that he is "actually innocent" of the §§ 922(g) and 924(a)(2) offenses of which he was convicted also fails to state a basis for relief under § 2241. The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir.1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001).   The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  As Metcalf failed to challenge his status as a convicted felon in his federal criminal proceeding, his

8

attempt to do so at this stage constitutes at best a claim of legal insufficiency, not a claim of "actual innocence."

The only other means of pursuing a claim of actual innocence through the savings clause of § 2255 is to allege the existence of a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137(1995).   *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).   Metcalf does not allege that he was convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision rendered after his direct appeal or after he filed his § 2255 motion.

In summary, Metcalf has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241.   *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Charles*, 180 F.3d at 757; *see also Reminsky v. United States*, No. 1:12-cv-272, 2012 WL 1669951, at *3 (N.D. Ohio Feb. 24, 2012) (petitioner cited no retroactively applicable Supreme Court decision overturning circuit precedent which would indicate that his sentence suffered from a "fundamental defect").   Metcalf may not pursue his claims in a § 2241 habeas corpus proceeding, and his petition will be denied, as will his motion for an evidentiary hearing.

### CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Renaldo DeMarquis Metcalf's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2.      The Court will enter an appropriate judgment.

9

3.      This matter is **STRICKEN** from the active docket.

Dated this 2nd day of January, 2013.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**